IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LLOYD TULL                                                                                    PLAINTIFF

vs.                                       Civil No. 1:21-cv-01063

COMMISSIONER, SOCIAL                                                          DEFENDANT
SECURITY ADMINISTRATION

## MEMORANDUM OPINION

Lloyd Tull ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability and Disability Insured Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed his disability application on July 23, 2019. (Tr. 13). In this application, Plaintiff alleges being disabled due to torn rotator cuff, high blood pressure, neck issues and low back pain. (Tr. 201). Plaintiff alleges an onset date of February 8, 2019. (Tr. 13). This application was denied initially and again upon reconsideration. *Id.*

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 12. These references are to the page number of the transcript itself not the ECF page number.

1

Plaintiff requested an administrative hearing on his denied application, and this hearing request was granted. (Tr. 105-148). This hearing was held on February 10, 2021. (Tr. 25-50). At this hearing, Plaintiff was present and was represented by counsel, John Miller. *Id.* Plaintiff and Vocational Expert ("VE") Charles D. Turner testified at this hearing. *Id.*

On April 20, 2021, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 13-20). The ALJ determined Plaintiff met the insured status requirements of the Act through September 30, 2027. (Tr. 15, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 8, 2019, his alleged onset date. (Tr. 15, Finding 2).

The ALJ then determined Plaintiff had the following severe impairments: disorders of the back, osteoarthritis, and status post rotator cuff repair. (Tr. 15, Finding 3). Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 16, Finding 4).

In the decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 17-19). Specifically, the ALJ found Plaintiff retained the RFC to perform the full range of medium work. *Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was capable of performing his PRW as a tractor-trailer truck driver. (Tr. 19, Finding 6). Based upon this finding, the ALJ determined Plaintiff had not been disabled from February 8, 2019, through the date of the decision. (Tr. 20, Finding 7)

Plaintiff requested the Appeals Council's review of the ALJ unfavorable disability determination.  On November 26, 2021, the Appeals Council declined to review the ALJ's disability determination.  (Tr. 1-6).  On December 7, 2021, Plaintiff filed the present appeal.  ECF No. 1.  Both Parties have filed appeal briefs.  ECF Nos. 16, 17.  This case is now ready for decision.

**2.**     **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical,

3

physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In his appeal brief, Plaintiff raises the following arguments for reversal: (A) the ALJ erred in the RFC finding and (B) the ALJ improperly evaluated his credibility. ECF No. 16 at 4-9. Because this Court finds the ALJ erred in the RFC determination, the Court will only address this issue for reversal.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The mere fact a claimant has a long list of medical conditions does not demonstrate that person is disabled; instead, the RFC determination is a function-by-function analysis. *See* SSR 96-8P, 1996 WL 374184 (July 2, 1996). "The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms." *Id.*

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

The ALJ determined Plaintiff had severe impairments that included status post rotator cuff repair. (Tr. 15, Finding 3). However, the ALJ's RFC determination failed to account for this

5

severe impairment and found Plaintiff capable of performing the full range of medium work. (Tr. 17, Finding 5). A severe impairment that causes no limitations is internally contradictory and not supported by substantial evidence. The ALJ did not include an accommodation for this impairment or explain how this impairment impacted the RFC formulation.

RFC is the most an individual is capable of doing despite the combined effects of their severe and non-severe medically determinable impairments. *See* 20 C.F.R. § 404.1545(a); see also *Ford v. Astrue,* 518 F.3d 979, 981 (8th Cir .2008). Accordingly, the ALJ's RFC assessment should have included limitations resulting from Plaintiff's status post rotator cuff repair. Remand is necessary to allow the ALJ to reassess the limitations imposed by this impairment.

Thus, because the RFC determination is not supported by substantial evidence in the record, this case must be reversed and remanded.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's decision is not supported by substantial evidence in the record. As such, this case is reversed and remanded for further findings consistent with this opinion. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 7th day of September 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE